May Term,
1856.

LEVISTON
v.
THE JUNC-
TION RAIL-
ROAD CO.

*J. Ryman,* for the appellant.

*D. D. Jones* and *H. Berry,* for the appellee.

---

LEVISTON *v.* THE JUNCTION RAILROAD COMPANY.

The force and effect of a written instrument are to be determined by the Court.

A mere release, if upon a consideration, may be valid without a seal.

But a release intended to operate as a grant of an easement in land, must be executed under seal.

Action against the *Junction Railroad Company* for damages occasioned by the construction of the road through the plaintiff's land. *Held,* that the plaintiff's remedy was by claim for damages, &c., to be enforced in the mode prescribed by the defendant's charter.

May Term,
1856.

LEVISTON
v.
THE JUNC-
TION RAIL-
ROAD CO.

Thursday,
June 12.

APPEAL from the *Fayette* Circuit Court.

PERKINS, J.—*Leviston* sued the *Junction Railroad Company*, for damages occasioned, as alleged, by the construction of their road through his land.

A demurrer to the complaint having been overruled, the company answered, setting up a release, and denying damages.

Demurrer to the paragraph in the answer setting up the release.

We copy the instrument:

"Know all men by these presents that I, *Isaac Leviston*, in consideration of —— dollars to me paid by the *Junction Railroad Company*, the receipt whereof is hereby acknowledged, and to enable the said company to construct its railroad from *College-Corner* to *Rushville*, do hereby grant and release to said *Junction Railway Company*, the right of way for its railroad, and the right to construct said railway, according to the provisions of the charter of said company, over and through the tract of land held and owned by me in *Union* county, *Indiana. January* 12, 1853. Provided, however, that if the said company re-locate the road so as to run between the house and barn, and within three feet of the gate-post fronting the stable-door; if the company will locate the road there, I will take two hundred dollars of stock in said company, and pay according to the direction of said company. *Isaac Leviston.*"

The Court overruled the demurrer to the paragraph of the answer setting up the writing. The plaintiff then replied, averring that the writing was procured by fraud. Demurrer to this reply sustained, and final judgment for the defendant.

What we shall say upon the question of overruling the demurrer to the answer, will show that the Court did right in sustaining that to the reply.

It was for the Court to declare the force and effect of the written instrument called a release. *Beatty* v. *Gates,* 4 Ind. R. 154.

That instrument assumes that a location of the road had been made, and it relinquishes the right of way for

May Term,
1856.

LEVISTON
v.
THE JUNC-
TION RAIL-
ROAD CO.

the road upon that location, through the farm of the defendant. It also contains the proposition that if the company will re-locate upon a certain line, the maker of the instrument will, in addition to relinquishing the right of way, take stock to the amount of 200 dollars.

But the instrument was not sealed, not a deed, and, hence, is claimed to have been invalid as a release. As a mere release, if upon a consideration, it might be valid without a seal. *Fitzgerald* v. *Smith*, 1 Ind. 310.—*Develin* v. *Riggsbee*, 4 *id.* 464.

The construction of the railroad was a consideration. *Johnston* v. *The Wabash College*, 2 Ind. R. 555.—5 *id.* 69. And that it was being executed, the complaint alleged. See 5 Ind. R. 247; 4 *id.* 333.

It is claimed, however, that this instrument is more than a mere release of a demand, or a claim to personalty— that it is the attempted grant of an easement. See 2 Ind. R. 257. Such, we apprehend, is its character; and hence it is inoperative without a seal. What effect it may have, as an agreement, or license, in barring damages on an application under the charter, we do not say. But no suit like the present can be sustained against the company. The remedy is a claim for damages done by the company, to be enforced in the mode prescribed by the charter. 2 Ind. R. 219.—*The New-Albany and Salem Railroad Company* v. *Connelly, ante*, p. 32.

As to the question of trial by jury, see the case above cited, and 5 Ind. R. 254.

*Per Curiam.*—The judgment is affirmed with costs.

*E. Vance, J. S. Reid* and *S. Heron*, for the appellant.

*S. W. Parker* and *J. C. McIntosh*, for the appellee.