Sheeks v. Erwin et al.

No. 15,278.

SHEEKS v. ERWIN ET AL.

PLEADING.—Vagueness.—Uncertainty.—Demurrer.—Vagueness and uncertainty in a pleading are not reached by demurrer. The remedy is by motion to make the pleading more certain or specific.

INJUNCTION.—Right of Way, Obstruction of.—Damages.—Where a right of way has been claimed and used for over twenty years, without interruption or dispute, it can not be closed against the person acquiring such right by prescription. An action for damages would not afford adequate relief, and injunction is the proper remedy to prevent an obstruction of it.

From the Lawrence Circuit Court.

N. Crooke and J. H. Willard, for appellant.

M. F. Dunn and G. G. Dunn, for appellee.

COFFEY, J.—This was an action by the appellees against the appellant, in the Lawrence Circuit Court, to enjoin the latter from obstructing an alleged private way. The complaint consists of three paragraphs.

The first paragraph proceeds upon the theory that the way in question is a public highway in which the appellees have a special interest as a means of ingress and egress to and from their lands described in the complaint.

The second paragraph proceeds upon the assumption that the appellees are entitled to the way by prescription.

The third paragraph alleges facts showing a right of way to certain of the lands belonging to the appellees by prescription, to certain other of their land a right of way of necessity, and contains allegations tending to show that the appellant is estopped from denying the existence of such right of way.

Various objections are urged against the sufficiency of the several paragraphs of this complaint, but they principally relate to the vagueness and uncertainty of its allegations. This defect is not reached by demurrer. The remedy for

uncertainty is by motion to make the pleading more specific or certain. No such motion was interposed in this case.

We think each paragraph states facts sufficient to entitle the appellees to an injunction against the appellant. An action for damages in a case like this would not afford an adequate remedy.

Upon proper request the court made a special finding of the facts proven on the trial, and stated its conclusions of law thereon.

The conclusions of law as to the appellee Lewis were adverse to him, and, as no question is made here as to the correctness of this conclusion, the facts, as they relate to him, need not be stated.

As to the appellee Erwin, the court found, among other facts, that the appellant is the owner of the land over which the way in dispute passes; that Erwin is the owner of certain other land described in the complaint, having inherited the same from William Erwin, Sr., who owned it in the year 1832; and that the appellee Erwin has used and enjoyed continuously and uninterruptedly the right of way in dispute adversely to the appellant as a means of ingress and egress to and from the lands so owned by him for more than thirty years.

These facts are sufficient to show that the appellee Erwin has a private right of way over the lands of the appellant by prescription. Hill v. Hagaman, 84 Ind. 287; Parish v. Kaspare, 109 Ind. 586; Harding v. Cowgar, 127 Ind. 245; Fankboner v. Corder, 127 Ind. 164.

In the last case cited it was said by this court: "If there has been the use of an easement for twenty years, unexplained, it will be presumed to be under a claim of right, and adverse, and be sufficient to establish a title by prescription, and to authorize the presumption of a grant, unless contradicted or explained."

But in this case there is an express finding that the use of the way in question by the appellant was had for thirty

years adversely to the appellant. Such being the fact the appellant could not close the same without the consent of the appellee, and injunction was the proper remedy to prevent its obstruction.

The court did not err in its conclusions of law.

Judgment affirmed.

