## COZART *v.* RUSTON.

[No. 11,445. Filed April 24, 1923.]

1. LANDLORD AND TENANT.—*Subletting Premises.—Rights of Occupant.*—Where one subleases a building with knowledge that a part thereof is occupied by a third person, he takes the premises subject to the rights of such person therein. p. 564.

2. LICENSES.—*Revocation.*—Although one is holding premises merely as a licensee, it does not necessarily follow that he must yield up such rights and pay rent or be dispossessed, for when a license has been executed by an expenditure of money, or has been given on a consideration paid, it is either irrevocable altogether or cannot be revoked without remuneration, but where there has been no expenditure of money or consideration paid, a parol license to use the premises is revocable at the pleasure of the licensor. p. 564.

3. LICENSE.—*Use of Part of Building.—Revocation by Sublessee.*—A sublessee of a building, the second story of which was used as a hotel office in connection with an adjoining building under a license from the lessee, *held* entitled to revoke the license. p. 565.

From Vanderburgh Superior Court; *Robert J. Trace-well*, Judge.

Action by Lee Cozart against William H. Ruston. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Hardin & Hardin* and *W. D. Hardy*, for appellant.

*McGinnis, Smith & Waller* and *Daniel H. Ortmeyer*, for appellee.

BATMAN, J.—This is an action by appellant against appellee to recover an amount alleged to be due as rent. The complaint was answered by a general denial, after which the cause was submitted to the court for trial, resulting in a judgment for appellee. Appellant filed a motion for a new trial, which was overruled, and this action of the court constitutes the only error assigned on appeal.

Appellant contends that the decision of the court is not sustained by the evidence. We find the following to be the undisputed facts established thereby: Prior to September 11, 1916, the Home Realty Company, being the owner of a certain two story building in the city of Evansville, Indiana, leased the same to C. D. and Van Pickerill at $75 per month. C. D. Pickerill conducted a saloon on the ground floor for a time, but neither of the lessees made any use of the second story thereof. On the above date said C. D. Pickerill sold his saloon business to appellant, and a partner, now deceased, named Price, and the lessees of said building attempted to transfer their said lease to them, but such transfer failed by reason of the refusal of the owner of the building to accept said Cozart and Price as tenants. However, said Cozart and Price, with the consent of the owner of said building, thereafter became sublessees of the whole of said building from said Pickerill and Pickerill, paying $75 per month as rent therefor. The Pick-

erill and Perkins Realty Company owned a three story building, which adjoined the Home Realty Company building on two sides. The second and third stories of this building were used as a hotel. There was a door between the second story of the Home Realty Company building and the second story of the hotel building. Prior to April, 1915, one Star, while a tenant in said hotel building, took possession of the second story of said Home Realty Company building, with the knowledge and consent of the said Pickerill and Pickerill, who were the lessees thereof, and thereafter used the same as an office in conducting his hotel business. Afterwards appellee was introduced to Star by C. D. Pickerill. The latter showed him the office and some of the lower floor, and told him that the furniture in the office belonged to Star. . Appellee purchased the furniture of the hotel of Star, including that in said office room, which consisted of chairs, desk, writing table, clock, key board, cash register, etc. On April —, 1915, the said Pickerill and Perkins Realty Company executed to appellee a lease for its said hotel property for a period of five years at an annual rental of $2,000, payable in equal monthly installments. On the purchase of said hotel furniture by appellee, he took possession of said hotel property, and after the execution of said lease continued his possession thereunder, and at the same time took possession of the second story of said Home Realty Company building, where said office furniture was situated, and continued in possession thereof during the time for which appellant demands a judgment for rent in this action. Prior to the time said Cozart and Price became sublessees of said Home Realty Company building, appellee occupied the second story thereof, with the knowledge and consent of said Pickerill and Pickerill. At the time said Cozart and Price became sublessees of said building they knew that appellee was in possession of the second story

thereof, and was using the same as an office for his hotel, but notwithstanding that fact, they made demand, soon after they became such sublessees, that appellee should pay them rent for that portion of said building occupied by him, and repeated said demand from time to time, but appellee refused to make such payment.

Appellee cites the fact that said Cozart and Price knew that he was in possession of the premises in dispute, at the time they became sublessees thereof under said Pickerill and Pickerill, and contend

1, 2. that they took any interest they may have acquired as such sublessees, subject to the rights of appellee therein. We concur in this contention, and will now determine what such rights were, under the law, as applied to the undisputed facts disclosed by the evidence. We find nothing which would warrant a finding that appellee had any contractual rights in the premises in dispute. His rights were clearly those of a licensee, and nothing more. However, it does not necessarily follow that he must yield up such rights and pay rent or be dispossessed, as it is well settled, that when a license has been executed by an expenditure of money, or has been given on a consideration paid, it is either irrevocable altogether or cannot be revoked without remuneration, the reason being that to permit a revocation without placing the other party in *statu quo* would be fraudulent and unconscionable. But, on the other hand, where this is not the case, a parol license to use the premises of another is revocable at the pleasure of the licensor, unless the license has been given for a valuable consideration, or money has been expended on the faith that it was to be perpetual or continuous. *Chamberlin* v. *Meyers* (1918), 68 Ind. App. 342, 120 N. E. 600, and cases cited.

In the instant case we find no evidence of any fact, which would estop said Cozart and Price, as sublessees

of Pickerill and Pickerill, from revoking the license under which they occupied the premises in question. The undisputed evidence shows that such license was revoked, and hence appellee was thereafter liable to appellant, as the surviving partner of Cozart and Price, for the use of said premises.

For the reasons stated we conclude that the decision of the court is not sustained by the evidence, and a new trial should be granted. Judgment reversed with instructions to the trial court to sustain appellant's motion for a new trial and further proceedings consistent with this opinion.