STATE OF INDIANA *v.* ANDERSON.

[No. 29,873. Filed December 16, 1960.]

*Edwin K. Steers*, Attorney General, *Richard M. Givan*, Assistant Attorney General and *George H. Dragus*, Deputy Attorney General, for appellant.

*Wendell Tennis, Tennis & Cochran*, of Sullivan, and *Felix Z. Monarch*, of Vincennes, for appellee.

ACHOR, J.—This action is in the nature of an inverse condemnation proceeding as authorized under §§3-1701 and 4-214, Burns' 1946 Repl. [being Acts 1905, ch. 48, §1, p. 59 and Acts 1925, ch. 201, §1, p. 487 respectively.]

The trial court awarded damages to appellee in the amount of $8,159.81, together with interest in the amount of $2,883.84. The State has brought this appeal from that judgment.

The facts insofar as they are here pertinent may be summarized as follows: In 1944 appellee purchased a parcel of real estate at the intersection of U. S. Highway 41 and State Highway 54 in Sullivan County for a truck stop and gasoline filling station, which has continued in appellee's possession to the present time.

It developed in the trial of these proceedings that easements for a substantial portion of the property here in controversy had been acquired from appellee's predecessors prior to 1932 by the State Highway Department for the purpose of widening the right-of-way at the intersection. The evidence further discloses that at the time of purchase by appellee no right-of-way markers had been placed on the land in controversy by the State Highway Department of Indiana, indicating the location of the right-of-way with respect to appellee's property.

It further appears that, although the easements for the right-of-way in question were filed in the offices of the State Highway Department, as provided by §36-107, Burns' 1949 Repl. [Acts 1935, ch. 88, §4, p. 249], they were never filed of record in the office of the recorder in the county where the property is located, as provided by the general recording statutes [§§56-118 and 56-119, Burns' 1951 Repl. (1 R. S. 1852, ch. 23, §11, p. 232, and Acts 1923, ch. 3, §1, p. 18, respectively.)] Therefore, the abstract of title which appellee had prepared failed to reveal any interest of the state in the land which she purchased.

It was the position of appellee during the trial below, as it is on this appeal, that, under the above circumstances, appellee stands in the position of a bona fide purchaser for value without notice of the highway easements. In support of her position, appellee relies upon the fact that when the grants here in question were executed to the state, the general staute involving recordation was in effect. These two sections provide as follows:

"No conveyance of any real estate in fee simple or for life or of any future estate, and no lease for more than three [3] years from the making thereof, shall be valid and effectual against any person other than the grantor, his heirs and devisees, and persons having notice thereof, unless it is made by a deed recorded within the time and in the manner provided in this act." §56-118.

"Every conveyance or mortgage of lands or of any interest therein, and every lease for more than three [3] years, shall be recorded in the recorder's office of the county where such lands shall be situated; and every conveyance, mortgage or lease shall take priority according to the time of the filing thereof, and such conveyance, mortgage or lease shall be fraudulent and void as against any subsequent purchaser, lessee or mortgagee in good

faith and for a valuable consideration having his deed, mortgage or lease first recorded." §56-119.

The language of the above general recording act is sufficiently broad to include within its terms the granting of an easement. The rule stated in the case of *Leviston* v. *Junction R. Co.* (1856), 7 Ind. 597, is that since an easement is an interest in land, a grant of an easement must contain all the formal requisites of a grant of land. See also: I. L. E. *Easements*, §14, p. 29. The general rule, as stated by Thompson, *Real Property*, Vol. 1, §384, p. 623, is as follows:

"The purchaser of land subject to an easement expressly created by grant or reservation in an unrecorded deed is not affected by it if he has no notice of the servitude. . . ."

Nevertheless, the State, in this action, contends that notwithstanding the general statutes of recordation, quoted above [§§56-118 and 56-119], the law in Indiana prior to 1939 did not require the recording of highway easements in the county recorder's office. It supports its position by asserting first, that §36-107, *supra*, merely required the filing of such grants with the state highway department and, in further support of this position, contends that by the enactment of §36-2940, Burns' 1949 Repl. [Acts 1939, ch. 139, §1, p. 674],[1] which expressly requires that such easements be filed in the county in which such real estate is located, demonstrates a clear legislative intent that prior thereto re-

---

1. "Whenever any right-of-way or easement for any state highway is acquired, an accurate description of all such rights-of-way and easements shall be filed by the state highway commission in the office of the recorder of the county in which such real estate is located, and such description shall be recorded in the deed records of said county, and no fee shall be charged by recorders for such filing and recording." §36-2940, Burns' 1949 Repl.

cording in the county was not required. Further, the State's position is that this section of the statute must be applied to future acquisitions only, and that it does not apply in retrospect to the particular grants here in question which were previously acquired by the state, prior to 1932. We concur with the State with regard to the fact that §36-2940, *supra*, was not retroactive.

We first give our attention to appellant's assertion that §36-107, *supra*, by its express terms, made special provision for the recording of highway land grants with the highway department and that, for this reason, a legislative intent is demonstrated that the general statute of recordation was not intended to apply to highway grants of right-of-way.

It is true, as appellant contends, that no act prior to 1939 [§36-2940] specifically required the state to file highway land grants in the county where the land was located. It is also true that Acts 1935, ch. 88, §4 [§36-107], *supra*, provides in part as follows.

". . . highways so selected and designated . . ., shall have been filed in the office of the commission, . . ."

However, a cursory examination of the State Highway Commission Act [§§36-106—36-185] clearly indicates that the legislature, in the above quoted provision, was not attempting to regulate title transfer and notice requirements. The statute merely sets out the procedure by which the State of Indiana selects and establishes routes for new highways. We therefore cannot agree with the State that §36-107, *supra*, in any way requires the purchaser of land to check the files of the State Highway Department in order to ascertain the nature and description of the interest of the state therein.

Appellant contends secondly that the enactment of §36-2940, *supra*, must, in itself, be construed as sustaining a clear legislative intention that recording in the county was not necessary (in order to give constructive notice) prior to the enactment of the particular statute. We do not construe the enactment of §36-2940 as providing authority of such legislative intent.

As heretofore stated by this court:

> ". . . . 'Recording acts were passed for the purpose of providing a place and a method by which an intending purchaser or encumbrancer can safely determine just what kind of a title he is in fact obtaining. A record of the titles to land is made and kept so that the title and its history be preserved and protected, and that all persons may obtain knowledge of the state of titles to real estate by deeds and conveyances, and also of all charges and encumbrances. It is recognized that intending purchasers and encumbrancers should be protected against the evils of secret grants and secret liens and the subsequent frauds attendant upon them.' 45 Am. Jur., p. 435, §29." *State et al.* v. *Young et al.* (1958), 238 Ind. 452, 456, 151 N. E. 2d 697.

The purpose of the statute applies with no less force to transactions with the state than with individuals.

What, then, was the purpose for the enactment of §36-2940 if the same requirement of recordation existed under the general recordation acts [§§56-118 and 56-119], *supra*, if the purpose was not to enact a new requirement as to such recordings? Two reasons are readily apparent. The first is the fact that a special mandate by the legislature seemed necessary in order to cause the State Highway Department to conform to the general established law of recordation since, as evidenced by the facts in this case, the Department had not, at least in all cases, previously complied

with the law. The second purpose of the law may have been to clarify the fact that, in event of such recordings by the Department, "no fee shall be charged by recorders for such filing and recording." [§36-2940] The enactment of §36-2940 does not, in our opinion, support appellant's position that the statute, which expressly required the recording of land grants to the State Highway Department, is to be considered as demonstrating a legislative intention that, prior thereto, such recordation was not required.

We next consider appellant's contention that appellee had actual notice, or at least sufficient notice to be put on further inquiry. Appellant contends that obviously appellee had actual notice due to the existing highways bordering her property and therefor she was required to check with the State Highway Department to find out the exact location of the right-of-way held by the state.

This is a novel assertion, in view of the general rule that a purchaser is not charged with notice of a right-of-way which is not discoverable upon an inspection of the premises at the time of his purchase. 74 A. L. R. 1250. The evidence discloses that at the time of purchase there were no markers or monuments marking the extent of the state's right-of-way at the location of appellee's property. There were, however, markers immediately to the west and north thereof which indicated the existence of a 30 foot right-of-way (U. S. Highway 41 and State Highway 54). There was no physical indication on the property itself that an additional (wider) right-of-way had been acquired along appellee's property, which additional right-of-way is the subject of this controversy. Appellee inspected her property at the time of purchase. She inquired of the seller and was told that the state had no interest in the

land being purchased by appellee other than the 30 foot right-of-way as marked. Furthermore, appellee had an abstract of title prepared which did not disclose any grant to the state. We therefore hold that appellee did all that the law required of her to do and that appellee's title cannot be defeated by a prior, unrecorded interest of the state in the land.

We pass now to the final question raised by appellant, and that is the issue of damages. Appellant asserts the damages were excessive, mainly because the appraisers failed to take into consideration alleged benefits to appellee's land as a result of the reconstruction of the highway and failed to set these benefits against the damage allegedly done to the real estate. However, the evidence upon this subject is so indefinite and ambiguous that we are not able to ascertain what benefits, if any, resulted to appellee's land because of the highway improvement. Therefore, we find no reversible error upon this issue.

Judgment is therefore affirmed.

Bobbitt, C. J., Arterburn, Jackson and Landis, JJ., concur.

NOTE.—Reported in 170 N. E. 2d 812.