STATE OF INDIANA *v.* LOUIS CINKO AND FRANCES P. CINKO, HUSBAND AND WIFE.

[No. 3-872A40. Filed March 1, 1973.]

*Theodore L. Sendak,* Attorney General, *Harold V. Whitelock, John T. Carmody,* Deputy Attorneys General, for appellant.

*Byron E. Bamber,* of Hammond, *Orville W. Nichols, Jr., Nichols & Nichols,* of Knox, for appellees.

HOFFMAN, C.J.—The sole issue presented by this appeal is whether the summary judgment entered by the trial court in favor of defendants Louis Cinko and Frances P. Cinko, husband and wife, was proper.

The facts relevant to this appeal may be summarized from the answers of plaintiff to defendants' interrogatories and the affidavits of the parties, as follows: Mr. and Mrs. Cinko are the owners of two contiguous tracts of land abutting U.S. Highway No. 41 in Lake County, Indiana. Appellant State of Indiana filed its complaint, and amended complaint, to enjoin Mr. and Mrs. Cinko from interfering with the removal by the State of an advertising sign located upon a portion of the Cinko property alleged to encroach on the Indiana State Highway Commission right-of-way. The alleged right-of-way was acquired by the State without consideration from a predecessor in title of Mr. and Mrs. Cinko on May 1, 1926. The instrument by which the State was granted the alleged right-of-way was never recorded in the office of the Recorder of Lake County, nor is the right-of-way marked or designated on the land.

The two parcels of property were acquired by Mr. and Mrs. Cinko on September 6, 1952, and January 6, 1953. At the time they purchased such real estate and went into possession the advertising sign in question was in its present location.

Since the purchase of such real estate Mr. and Mrs. Cinko have paid the taxes thereon up to and including a part of U.S. Highway No. 41, and have personally maintained the shoulder of the highway up to the pavement as a part of their premises.

The deed given to Mr. and Mrs. Cinko stated, "subject to the rights of the public in existing highways", however, Mr. and Mrs. Cinko had no actual knowledge that the State claimed any easement, grant or right-of-way across the land where the advertising sign was located.

Summary judgment was granted by the trial court in favor of Mr. and Mrs. Cinko. The timely motion to correct errors filed by the State of Indiana was overruled and this appeal followed.

The statutes here controlling are IC 1971, 32-1-2-11, Ind. Ann. Stat. § 56-118 (Burns 1961), and IC 1971, 32-1-2-16, Ind. Ann. Stat. § 56-119 (Burns 1961), and provide as follows:

> "No conveyance of any real estate in fee simple or for life or of any future estate, and no lease for more than three [3] years from the making thereof, shall be valid and effectual against any person other than the grantor, his heirs and devisees, and persons having notice thereof, unless it is made by a deed recorded within the time and in the manner provided in this act." Section 56-118, *supra*.

> "Every conveyance or mortgage of lands or of any interest therein, and every lease for more than three [3] years shall be recorded in the recorder's office of the county where such lands shall be situated; and every conveyance, mortgage or lease shall take priority according to the time of the filing thereof, and such conveyance, mortgage or lease shall be fraudulent and void as against any subsequent purchaser, lessee or mortgagee in good faith and for a valuable consideration, having his deed, mortgage or lease first recorded." Section 56-119, *supra*.

Here, the fact that Mr. and Mrs. Cinko had no actual knowledge of the existence of the right-of-way beyond the paved and traveled portion of the highway is undisputed. Furthermore, constructive notice of the extent of the right-of-way is not attributable to Mr. and Mrs. Cinko. The instrument by

which the right-of-way was granted was not filed of record. The State was not in possession of the land where the advertising sign was located, nor were the boundaries of the right-of-way marked on the land.

We cannot find that the language of the deed "subject to the rights of the public in existing highways" gave Mr. and Mrs. Cinko sufficient notice to put them on inquiry that the boundary of the right-of-way included the advertising sign. Mr. and Mrs. Cinko had actual knowledge of a portion of the right-of-way by observation of the paved and traveled portion of the highway. However, no genuine issue of material fact is presented that Mr. and Mrs. Cinko had notice, actual or constructive, that the right-of-way included the advertising sign.

Our holding is supported by the holding of our Supreme Court in *State* v. *Anderson* (1960), 241 Ind. 184, 170 N.E.2d 812, an inverse condemnation proceeding wherein easements had been acquired from the landowner's predecessors in title by the State for the purpose of widening a right-of-way. No right-of-way markers had been placed on the land in controversy, nor were the easements recorded in the office of the recorder in the county where the land was located.

In considering the applicability of §§ 56-118 and 56-119, *supra,* to that case, it was stated: "[t]he language of the * general recording act is sufficiently broad to include within its terms the granting of an easement." (At 188 of 241 Ind., at 814 of 170 N.E.2d). Further, at 191 of 241 Ind., at 815 of 170 N.E.2d, is the following language:

"We next consider appellant's contention that appellee had actual notice, or at least sufficient notice to be put on further inquiry. Appellant contends that obviously appellee had actual notice due to the existing highways bordering her property and therefor she was required to check with the State Highway Department to find out the exact location of the right-of-way held by the state.

"This is a novel assertion, in view of the general rule that a purchaser is not charged with notice of a right-of-way

which is not discoverable upon an inspection of the premises at the time of his purchase. 74 A.L.R. 1250. The evidence discloses that at the time of purchase there were no markers or monuments marking the extent of the state's right-of-way at the location of appellee's property. There were, however, markers immediately to the west and north thereof which indicated the existence of a 30 foot right-of-way (U.S. Highway 41 and State Highway 54). There was no physical indication on the property itself that an additional (wider) right-of-way had been acquired along appellee's property, which additional right-of-way is the subject of this controversy."

Finding no reversible error the judgment of the trial court is affirmed.

Affirmed.

Sharp and Staton, JJ., concur.