INDUSTRIAL DISPOSAL CORPORATION OF AMERICA, a Delaware Corporation, and Industrial Disposal Corporation of America, an Indiana Corporation, Plaintiffs-Appellants,

v.

CITY OF EAST CHICAGO, DEPARTMENT OF WATER WORKS, a Municipal Corporation, Defendant-Appellee.

No. 3–479A111.

Court of Appeals of Indiana,
Third District.

Aug. 6, 1980.

---

George Vann, R. Steven Ryan, Barce, Vann & Ryan, Kentland, for plaintiffs-appellants.

Michael E. Connelly, East Chicago, John H. McKenna, Gary, for defendant-appellee.

GARRARD, Presiding Judge.

The appellants (Industrial) brought this action for inverse condemnation against the Department of Water Works of the City of East Chicago (the city), after Industrial discovered a twenty inch water main buried upon a parcel of land it had purchased from the New York Central Railroad Company (the railroad).

It appears that the city constructed the main under authority of an instrument executed and delivered to it by the railroad upon the payment of $6450 consideration on October 1, 1963. It further appears that the city failed to record the instrument and that when Industrial purchased the tract in 1969 it had no actual notice of the city's use.[1]

Industrial asserted that the instrument created an easement and, as such, was subject to the conveyancing statutes, IC 32–1–2–11 to 16, so that a purchaser without notice acquired the property free of the city's rights. *See State v. Anderson* (1960),

---

1. For purposes of the summary judgment granted by the court Industrial's denial of actu-

al notice must have been taken as true.

241 Ind. 184, 170 N.E.2d 812, applying the statute to easements and recognizing an action for inverse condemnation as an appropriate remedy where the holder of the easement has the power of eminent domain for the use involved.

The city responded that its rights existed by virtue of a license for an indefinite period and moved for summary judgment.

The instrument recites that in consideration of six thousand four hundred fifty dollars paid to it the railroad "hereby licenses and permits, but without warranty" the city to install, maintain and use a twenty inch and a sixteen inch water main longitudinally across and under the property. This grant is followed by ten numbered paragraphs of printed conditions which generally impose upon the city the cost of and liability for its work and reserve to the railroad the ability to insure that the city's rights remain subservient to those of the railroad in its use of the property. Paragraph numbered "seventh" giving the railroad the right to terminate the agreement and the city's rights thereunder at any time upon thirty days written notice was stricken out.

The trial court concluded that the instrument created a license; that because the license was granted for a valuable consideration it could not be revoked except on restoring the licensee to status quo or paying adequate remuneration; and that while Industrial might revoke the license on the basis it could not maintain the action it had initiated. Accordingly, the court granted summary judgment for the city.

We determine that the court erred in diagnosing the status of a bona fide purchaser without notice. We therefore reverse the summary judgment and remand for further proceedings.

Our analysis commences with the hornbook distinction between an easement and a license in their classic form.

"An easement . . . is a liberty, privilege, or advantage in land without profit existing distinct from the ownership of the land, and generally constitutes an interest in the land itself, while a license merely confers a privilege to do some act or acts on the land without possessing any estate therein; an easement must be created by deed or prescription, while a license may be by parol; an easement possesses the qualities of inheritability and assignability, while these qualities are generally inconsistent with a license; an easement, ordinarily, is a permanent interest in the realty with the right to enter at all times and enjoy it, while a license, at least so long as it is executory, may be revoked at will, and is terminated by a conveyance of the land by the party giving the license."

28 C.J.S. Easements § 2.

As already observed, an easement as an interest in land is subject to the statutory requirements concerning conveying such interests, and in the absence of notice a bona fide purchaser will take free of the easement. *State v. Anderson, supra.* In the case of the classic license notice is immaterial since the license may be revoked at will.

Of course, interests are often created and rights may be afforded in a manner not precisely according to ideal forms. As a result our law early recognized that when a privilege having the characteristics of a license (or deficient in some manner to qualify as an easement) has been executed by the licensee through the expenditure of money or labor in reliance upon the license being perpetual, or when a license has been given for a valuable consideration paid, it cannot be revoked by the licensor unless he remunerates the licensee, *Snowden v. Wilas* (1862), 19 Ind. 10; *Cozart v. Ruston* (1923), 79 Ind.App. 561, 139 N.E. 196, or restores him to status quo, *Campbell v. Indianapolis & V. R.R.* (1887), 110 Ind. 490, 11 N.E. 482; *Simons v. Morehouse* (1882), 88 Ind. 391.

In this context it has been urged that,

"To distinguish the legal relationship 'license' from the more substantial relationship 'easement,' license should be limited to a revocable relationship. Under such a classification, an irrevocable relationship would constitute an easement

. . ., no matter how created, because an irrevocable license in legal effect is no different than an easement." C. Smith & R. Boyer, *Survey of the Law of Property* 418 (2d Ed. 1971).

Similarly, in *Paul v. Blakely* (1952), 243 Iowa 355, 360, 51 N.W.2d 405, 408, the Iowa court remarked,

"[T]he trend of modern judicial thought is definitely toward the holding that there is often little if any difference in effect between an easement and a written license given for a consideration. Some cases in fact hold that the latter often, if not always, becomes an easement."

Thus, in at least two cases our courts have used the terms "irrevocable license" and "easement" interchangeably.[2] *See Nowlin v. Whipple* (1889), 120 Ind. 596, 22 N.E. 669; *Robinson v. Thrailkill* (1887), 110 Ind. 117, 10 N.E. 647.

Applying this similarity, our courts have held that where an owner of real estate gives a license which becomes "irrevocable" and then sells the burdened real estate to a third party, who purchases in good faith for value and without notice of the license, or of such facts as would put a man of ordinary prudence on inquiry, the third party takes the land free of any rights of the licensee. *Buck v. Foster* (1897), 147 Ind. 530, 46 N.E. 920 (license irrevocable upon expenditure of money and labor); *Young v. Waggoner* (1912), 50 Ind.App. 202, 98 N.E. 145 (license irrevocable as coupled with an interest in sold standing timber).

If the instrument created an easement and Industrial purchased the property without actual or constructive notice thereof, it took free of the city's rights. *State v. Anderson, supra.*

If the instrument instead created an irrevocable license as the trial court found, Industrial would still have acquired the property free of the city's rights if, in fact,

it had no notice of the license. That it had no notice must be presumed from the manner in which the issue was posed on summary judgment.

It follows that the summary judgment was erroneously granted.

Reversed and remanded.

HOFFMAN and STATON, JJ., concur.

---

**2.** A potential distinction (which may be illusory) might exist in the determination that a license given for consideration may be revoked upon the licensee being restored to status quo or adequately compensated, while presumably the holder of a valid easement is entitled to injunctive relief. *See, e. g., Sheeks v. Erwin* (1891), 130 Ind. 31, 29 N.E. 11.