Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2012, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN L. STEWART**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**BRUCE A. BOJE**
**TIMOTHY J. HIXSON**
**LAURIE D. JOHNSON**
Richards, Boje, Pickering, Benner & Becker
Noblesville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DADDYS 'O PUB, LLC, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1105-PL-439 |
| | ) | |
| PURKEY ENTERPRISES, INC., | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

**APPEAL FROM THE HAMILTON SUPERIOR COURT**
The Honorable Daniel J. Pfleging, Judge
Cause No. 29D02-0906-PL-742

**January 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

The owners of two adjoining buildings got into a dispute about whether an 1897 deed created an easement in a stairway in one building that can be used to access the second story of the other building. Purkey Enterprises, Inc. ("Purkey"), filed a quiet title and declaratory judgment action to extinguish the alleged easement in the stairway, which is located in its building. Daddys 'O Pub ("Daddys") filed a counterclaim for declaratory judgment and injunction. The trial court concluded that the 1897 deed did not create an easement in Purkey's stairway and, alternatively, that any easement had been abandoned long ago. On appeal, Daddys contends that the trial court erred in so concluding. We affirm.

**Facts and Procedural History**[1]

Purkey and Daddys own abutting buildings on adjacent lots on West Jackson Street in Cicero. In June 2009, Purkey filed a quiet title and declaratory judgment action against Daddys, seeking to extinguish an alleged easement that Daddys claimed in a stairway inside

---

[1] Daddys' presentation of the relevant facts and procedural history is deficient in several respects. First, Daddys did not file an appellant's appendix, as required by Indiana Appellate Rule 49(A) ("The appellant shall file its Appendix with its appellant's brief."). Fortunately, Purkey filed an appellee's appendix with a copy of the parties' pleadings, which greatly assisted our review. Second, the copy of the trial court's order included in Daddys' brief is missing several pages, so we had to rely on the copy of the order attached to Daddys' appellant's case summary. Finally, the statement of facts in Daddys' brief contains the following argumentative passage:

> The language in the 1897 Deed created an easement in favor of the property now owned by Daddy's as the dominant parcel, and burdening the parcel now owned by Purkey, as the servient parcel. The express reservation by the grantor of the right of ingress and egress over part of the property conveyed to the grantee indicates clear intent to create an easement over the stairs to be constructed.

Appellant's Br. at 5. We remind Daddys' counsel that a statement of facts "should be a concise narrative of the facts stated in the light most favorable to the judgment and should not be argumentative." *Ruse v. Bleeke*, 914 N.E.2d 1, 5 n.1 (Ind. Ct. App. 2009).

Purkey's building. Daddys filed a counterclaim for declaratory judgment and injunction, asserting that the easement was created in an 1897 deed that divided the ownership of the lots. A bench trial was held in February 2011. Purkey requested findings of fact and conclusions thereon pursuant to Indiana Trial Rule 52(A), and the parties submitted proposed findings and conclusions to the trial court.

On April 20, 2011, the trial court issued an order that reads in relevant part as follows:

### Findings of Fact

1. [Purkey] is an Indiana Corporation and is the owner of real property commonly known as 87 West Jackson Street, Cicero, Indiana (hereinafter referred to as the "Purkey Property").

2. [Purkey's] real property is improved with a building which contains a barbershop and apartment on the first floor, and two (2) apartments upstairs.

3. [Daddys] is an Indiana Limited Liability Company and is the owner of real property commonly known as 97 West Jackson Street, Cicero, Indiana (hereinafter referred to as the "Daddys 'O Property").

4. The Daddys 'O Property is improved with a building that contains a bar [on] the first floor and one (1) apartment on the second floor.

5. The buildings on the Purkey Property and Daddys 'O Property abut each other and the west wall of the Purkey building touches the east wall of the Daddys 'O building.

6. Access is provided to the second story of both the Purkey building and the Daddys 'O building by a set of exterior stairs that run along the Purkey Property's western border to the rear of the Purkey building.

7. The outside stairs are fully within the boundaries of the Purkey Property.

8. The Purkey building contains a set of enclosed stairs that run from the front of the building along the inside of the western wall of the Purkey

3

building, and which stairs provide access to the both [sic] Purkey apartments "A" and "B." A door to the Daddys 'O apartment was installed in 1958 or 59.

9. This door was installed to allow the Lions Club and/or the VFW to use the upstairs [of the Daddys 'O building] for meetings during the hours that the first floor variety store was closed. Such use continued after the public library occupied the property.

10. The enclosed stairway is contained completely inside the Purkey building.

11. Shortly after [Daddys] purchased the Daddys 'O Property in 2006, a dispute arose among the parties regarding [Daddys'] use of the inside stairs.

12. [Purkey] repeatedly requested that [Daddys] cease its use of the stairs.

13. [Purkey] advised [Daddys] that the outside stairs at the rear of the building were designated for use by both [Purkey] and [Daddys].

14. After [Purkey's] requests for [Daddys] to cease its use of the inside stairs, [Daddys] located an 1897 deed transferring ownership to the Purkey Property. The deed contained the following language:

> "By agreement of the parties hereto a strip four (4) feet wide and twenty four (24) feet long on the West side of the land herein conveyed is to be used by both parties as a stairway to the second story of the brick building now owned by said grantor and also the second story of the building to be erected on the land herein conveyed. Said stairway to front on Jackson Street in Cicero, Indiana. The erection and maintance (sic.) of said stairway to be borne equally.["]

15. The language "Said stairway to front on Jackson Street …" is not contained in the 2006 deed to [Daddys], and has been absent from every deed for the Daddys 'O Property since at least 1973.

16. [Daddys] was not aware of any such "front on Jackson Street" language at the time it purchased the Daddys 'O Property.

17. The deeds for the Purkey Property do not contain language regarding the use or erection of a stairway, and said language did not appear in a 1989 title policy.

4

18. [Purkey] did not have actual or constructive knowledge of any unrecorded easements.

19. At the time of the 1897 deed, the Daddys 'O Property and the Purkey Property were held in common ownership by William Collings and Mary Collings.

20. At the time the properties were severed in 1897, there was no building, or inside stairway. In fact the Purkey Building was not erected until approximately 1905.

21. At the time the properties were severed in 1897, the Daddys 'O Property had other means of access to its second story.

22. Daddys 'O still has another means of access to its second story other than the inside stairway.

23. The use of the inside stairway by Daddys 'O is merely convenient.

24. There was no access from the inside stairs to the second story of the Daddys 'O [P]roperty for a period between 1897 and 1958.

25. Subsequent access to the second story of the Daddys 'O Property by the inside stairs was by permission of the successors in interest.

….

28. The language regarding the future stairway in the 1897 deed did not use language of conveyance or grant, but rather of agreement.

29. The language regarding the future stairway in the 1897 deed did not use irrevocable language.

30. The language regarding the future stairway in the 1897 deed did not identify the property or party who was to receive the burden or benefit of the agreement.

31. The parties and their predecessors in interest to the properties have shared the exterior stairs at the rear of the Purkey Building for access to both buildings. In fact the language creating the interest in the exterior stairs is as follows:

> "Said Grantee is also hereby granted the use for ingress & egree (sp) to the land herein conveyed of the 5-foot wide right-of-way from Byron Street in Cicero, Indiana, across the South end of said grantor's land."

This language refers to an existing stairway and uses the language of conveyance or grant and irrevocably transfers an interest to the exterior stairway.

32.     The parties and their predecessors in interest to the properties have shared the cost of maintenance and repair of the exterior stairs to the rear of the Purkey Building.

## Conclusions of Law

1.     The party asserting a claim to an easement bears the burden of proving the existence of the easement. *See Searcy v. LaGrotte*, 372 N.E.2d 755 (Ind. Ct. App. 1978).

2.     An easement is an interest in land and must meet the general requirements of a grant or conveyance. *See Industrial Disposal Corp. of America v. City of East Chicago Dept. of Water Works*, 407 N.E.2d 1203, 1205 (Ind. Ct. App. 1980).

3.     A license confers a privilege to do some act on the land without conveying an interest in the land. *One Dupont Centre, LLC v. Dupont Auburn, LLC*, 819 N.E.2d 507, 513-14 (Ind. Ct. App. 2004).

4.     Since a license does not convey an interest in the land, a license is revocable at will and is unassignable. *One Dupont Centre, LLC*, 819 N.E.2d at 514; *Industrial Disposal Corp. of America*, 407 N.E.2d at 1205[.]

5.     To create an express easement, the grant or conveyance must identify the location of the easement with reasonable certainty and must identify the dominant or servient estate. *Mackiewicz v. Metzger*, 750 N.E.2d 812, 817 (Ind. Ct. App. 2001); *Lennertz v. Yohn*, 79 N.E.2d 414, 417 (Ind. Ct. App. 1948).[2]

---

[2] A dominant estate is one that benefits from an easement; a servient estate is one that is burdened by an easement. BLACK'S LAW DICTIONARY 589 (8th ed. 2004).

6. There is no express easement in the 1897 deed, as the deed failed to provide any express words "granting, conveying, or creating an easement in favor of any specified named person or creating either a dominant or servient estate as to any particular described tract of land." *See Lennertz*, 79 N.E.2d at 417.

7. The 1897 deed merely expresses an agreement between the parties, which is in the nature of a license.

8. As in *Lennertz*, any rights created by the agreement of the parties to the 1897 deed were personal in character, and did not create an easement which runs with the land. *See Lennertz*, 79 N.E.2d at 417.

9. [Daddys] has failed to prove the existence of an express easement.

….

28. In the event that the 1897 deed created an express easement, and provided that [Purkey] had actual or constructive notice of the easement, the easement terminated by abandonment.

29. An easement, no matter how created, can be abandoned. *Chickamauga Properties, Inc.* [*v. Barnard*, 853 N.E.2d 148, 154 (Ind. Ct. App. 2006)].

30. An easement is abandoned if there is a complete discontinuance of use of the easement with the intent to abandon it. *Chickamauga Properties, Inc.*, 853 N.E.2d at 154.

31. In this instance, the alleged easement was not used for a period of sixty years from 1897 to 1958, when the door was first cut into the Daddys 'O building.

32. The non-use, and non-installation of a door to the stairway for sixty years with no attempt to enforce the purported agreement shows an intent to abandon any claim to an easement by [Daddys'] predecessors in interest to the Daddys 'O Property, and any easement was abandoned prior to the installation of the door.

….

40. Once the easement terminated, … subsequent permissive use could not give rise to a new easement. *See Greenco, Inc. v. May*, 506 N.E.2d 42, 45-46

(Ind. Ct. App. 1987); *Reder v. Radtke*, 177 N.E.2d 669, 672-73 (Ind. Ct. App. 1961). *Chickamauga*, 809 N.E.2d at 450 [sic[3]].

41.     All findings of fact are incorporated by reference as conclusions of law, and all conclusions of law are incorporated by reference as findings of fact.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that judgment is entered in favor of [Purkey] and against [Daddys] as follows:

1)     [Daddys'] purported easement is terminated, null and void, and of no effect, and title in said stairway is quieted in [Purkey].

2)     [Daddys] possesses no interest and/or right to use any part of [Purkey's] real estate by way of any purported easement.

3)     [Daddys] and its agents, servants, employees, tenants, and successors in interest are hereby enjoined from entering and/or using the inside stairway and are prohibited and enjoined from interfering with [Purkey's] use and enjoyment of the inside stairway.

4)     [Purkey] shall recover the costs of this action from [Daddys] and a judgment is entered against [Daddys] for such costs in the amount of $146.00.

Appellant's Notice of Appeal at 4-15 (citations to exhibits omitted). Daddys now appeals.

**Discussion and Decision**

"Indiana law recognizes that easements can be created by grant, prescription, or implication." *William C. Haak Trust v. Wilusz*, 949 N.E.2d 833, 835 (Ind. Ct. App. 2011). Daddys contends that the trial court erred in concluding that the 1897 deed did not create an easement in the stairway in Purkey's building and, alternatively, that if an easement was created, it was abandoned decades ago. Our standard of review is well settled.

Where, as here, a party has requested specific findings of fact and conclusions thereon pursuant to Ind. Trial Rule 52(A), we engage in a two-tiered standard of review. We determine whether the evidence supports the findings and the

---

[3] The citation here is that of *Downing v. Owens*, 809 N.E.2d 444 (Ind. Ct. App. 2004).

8

findings support the judgment. In deference to the trial court's proximity to the issues, we disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment. We do not reweigh the evidence, but only consider the evidence favorable to the trial court's judgment.…

Moreover, while we review findings of fact under the clearly erroneous standard, we review *de novo* a trial court's conclusions of law. Where cases present mixed issues of fact and law, we have described the review as applying an abuse of discretion standard. We will conclude a judgment is clearly erroneous if no evidence supports the findings, the findings fail to support the judgment, or if the trial court applies the incorrect legal standard. In order to determine that a finding or conclusion is clearly erroneous, an appellate court's review of the evidence must leave it with the firm conviction that a mistake has been made.

*Bowyer v. Ind. Dep't of Natural Res.*, 944 N.E.2d 972, 983-84 (Ind. Ct. App. 2011) (citations and quotation marks omitted).

Here, the trial court concluded that the interest in the future stairway that was created in the 1897 deed was more akin to a license than an easement. This Court has distinguished the two as follows:

An easement … is a liberty, privilege, or advantage in land without profit existing distinct from the ownership of the land, and generally constitutes an interest in the land itself, while a license merely confers a privilege to do some act or acts on the land without possessing any estate therein; an easement must be created by deed or prescription, while a license may be by parol; an easement possesses the qualities of inheritability and assignability, while these qualities are generally inconsistent with a license; an easement, ordinarily, is a permanent interest in the realty with the right to enter at all times and enjoy it, while a license, at least so long as it is executory, may be revoked at will, and is terminated by a conveyance of the land by the party giving the license.

*Indus. Disposal Corp. of Am. v. City of E. Chicago, Dep't of Water Works*, 407 N.E.2d 1203, 1205 (Ind. Ct. App. 1980) (quoting 28 C.J.S. *Easements* § 2).

"[I]n construing an alleged creation of an easement through grant or reservation, no particular words are necessary; any words which clearly show the intention to give an easement are sufficient." *Tanton v. Grochow*, 707 N.E.2d 1010, 1013 (Ind. Ct. App. 1999). Even if a document does not expressly use the terms "dominant estate" and "servient estate," a valid easement nevertheless exists if the document adequately describes them. *Id.*; *see also Indus. Disposal Corp. of Am.*, 407 N.E.2d at 1205 ("Of course, interests are often created and rights may be afforded in a manner not precisely according to ideal forms."). To address Daddys' contention that the 1897 deed created an easement in the stairway, we must interpret the deed.

> The object of deed interpretation is to identify and implement the intent of the parties to the transaction as expressed in the plain language of the deed. We read the language of real covenants in the ordinary and popular sense, and not in a technical or legal sense. If the terms of the deed are not ambiguous, we apply them according to their clear and ordinary meaning. We presume that the parties intended for every part of a deed to have some meaning, and we favor a construction that reconciles and harmonizes the entire deed.

*Parkison v. McCue*, 831 N.E.2d 118, 128 (Ind. Ct. App. 2005) (citations omitted), *trans. denied*. The interpretation of a deed is a pure question of law. *Rennaker v. Gleason*, 913 N.E.2d 723, 729 (Ind. Ct. App. 2009).

The 1897 deed reads in pertinent part as follows:

This Indenture Witnesseth, That William Z. Collings and Mary E. Collings, his wife of Hamilton County, in the State of Indiana,

Convey and Warrant

To William H. Roney of Hamilton County, in the State of Indiana, for the sum of

10

One Hundred and fifty – 00/100 Dollars,

the following Real Estate, in Hamilton County, in the State of Indiana, to-wit:

[A description of the real estate's metes and bounds follows.]

By agreement of the parties hereto a strip four (4) feet wide and twenty four (24) feet long on the West side of the land herein conveyed is to be used by both parties as a stairway to the second story of the brick building now owned by said grantor and also to the second story of the building to be erected upon the land herein conveyed. Said stairway to front on Jackson Street in Cicero, Indiana. The erection and maintance [sic] of said stairway to be borne equally.

Said grantee is also hereby granted the use for ingress & egree [sic] to the land herein conveyed of the 5-foot wide right of way from Byron Street in Cicero, Indiana, across the South end of said grantor's land.

Plaintiff's Ex. 22.

A plain reading of the deed indicates that the Collingses did not intend to create an easement in the future stairway. Although not dispositive, the word "easement" is not used. The words of conveyance relate strictly to the land itself ("the land herein conveyed") and not to the stairway.[4] The deed merely memorializes an agreement among the parties to the transaction that the Collingses would be allowed to use the stairway to access the second story of their building and Roney's building once the stairway (and Roney's building) was built and would share the cost of the stairway's construction and maintenance. At most, then, the Collingses merely reserved for themselves a personal license to use the stairway. *See Indus. Disposal Corp. of Am.*, 407 N.E.2d at 1205 ("a license merely confers a privilege to do some act or acts on the land without possessing any estate therein"). The 1897 deed did not

---

[4] Daddys' misleading assertion to the contrary on page 3 of its reply brief is not well taken.

11

purport to confer this privilege to the Collingses' heirs or assigns, and thus, at the latest, the license terminated with the Collingses' death, which apparently occurred before their property was conveyed to third parties in 1939. *See* Defendant's Ex. A (deed from "only surviving heirs of Mary E. Collings, deceased" to Albert and Sadie Turner); *see also Indus. Disposal Corp. of Am.*, 407 N.E.2d at 1205 ("an easement possesses the qualities of inheritability and assignability, while these qualities are generally inconsistent with a license"). To the extent that future deeds to the property now owned by Daddys purported to convey any right or interest in the stairway inside the building now owned by Purkey, such conveyances were ineffective because there was no right or interest to convey.[5]

Because we conclude that the 1897 deed did not create an easement in the stairway, we need not address Daddys' argument that the trial court erred in concluding that any easement was abandoned long before a doorway was constructed in the 1950s to provide access to the second story of Daddys' building. *See Borth v. Borth*, 806 N.E.2d 866, 870 (Ind. Ct. App. 2004) ("Where trial court findings on one legal theory are adequate, findings on another legal theory amount to mere surplusage and cannot constitute a basis for reversal even if erroneous.").[6] The trial court's ruling is affirmed.

---

[5] The parties do not address any recording or notice requirements for easements, nor do we.

[6] Likewise, we need not address Daddys' argument regarding the trial court's findings and conclusions on adverse possession, which are not excerpted above. Nor need we address Purkey's argument regarding the trial court's findings and conclusions on implied and prescriptive easements, which also are not excerpted above. Daddys has consistently asserted that the alleged easement in the stairway was expressly created by the 1897 deed and has not asserted that it was created by implication or prescription. *See*, *e.g.*, Appellant's Reply Br. at 4 ("The trial court's decision should be reversed, establishing and preserving Daddy's rights to use the stairs according to the express terms of the easement which have been preserved in a succession of deeds for over a hundred years.").

Affirmed.

MAY, J., and BROWN, J., concur.