## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 28 2017, 6:23 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Jacqueline B. Ponder
Felson Bowman
Indianapolis, Indiana

Mary M. Runnells
Bloomington, Indiana

ATTORNEYS FOR APPELLEES

Kevin D. Koons
Kroger, Gardis & Regas, LLP
Indianapolis, Indiana

Peter G. Gundy
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jamison L. Beetz and Leah J. Beetz,

*Appellants-Plaintiffs,*

v.

Joe D. Bryant and Anne E. Bryant Revocable Trust, Joe D. Bryant and Anne E. Bryant, Stephen A. Legan and Jenifer A. Legan, and Ron Zimmerman and Donna Zimmerman,

*Appellees-Defendants.*

July 28, 2017

Court of Appeals Case No.
41A04-1612-PL-2755

Appeal from the Johnson Superior Court.
The Honorable Marla K. Clark, Judge.
Trial Court Cause No.
41D04-1601-PL-15

**Shepard, Senior Judge**

[1] In this dispute over the applicability of an easement, Jamison L. Beetz and Leah J. Beetz appeal the trial court's dismissal of their complaint. We reverse and remand.

[2] Prior to 1978, the Gluff family owned property bordering Stones Crossing Road in Johnson County. A small creek runs along the road, and the Gluffs used a small bridge for road access. The Gluffs divided their land into four parcels and sold them over time. Only one of the four parcels, Parcel D, borders Stones Crossing Road. The other three, Parcels A, B, and C, are on the opposite side of Parcel D from the road and are landlocked.

[3] In 1978, Joe D. Bryant and Anne E. Bryant bought Parcel C from the Gluffs. In 1979, Gail Gluff and Mary Jo Gluff granted an easement to the Bryants, allowing the Bryants the right of "ingress and egress and for utilities over, under and across the easement premises." Appellants' App. Vol. III, p. 17. The easement included the bridge and ran south along the western border of Parcel D to a point where Parcels A, B, and C could access it.

[4] The Bryants later sued the Gluffs for reasons not stated in the record, and the case was litigated in the Brown Circuit Court. At that point, the Gluffs still owned Parcels A and D. The Bryants owned Parcel C, and John F. Wright had purchased Parcel B. On March 12, 1982, the court issued an Agreed Judgment (the 1982 Judgment) that applied to Gail Gluff, the Bryants, Wright, and their successors in interest. Among other terms, the 1982 Judgment included a new easement, which applied to all three landlocked parcels. The new easement

retained the same boundaries as the 1979 easement, but the new easement was described as "exclusive." *Id.* at 22. The Bryants recorded the 1982 Judgment in Johnson County in their chain of title for Parcel C, but Gluff did not do the same for Parcel D.[1]

[5] Later, the Bryants conveyed their interest to a trust, of which they were the trustees. Gluff sold Parcel A to Ron and Donna Zimmerman, and Stephen A. Legan and Jenifer A. Legan purchased Parcel B. Gluff sold Parcel D, the non-landlocked parcel, to another person, who in turn sold it to the Beetzes in 2013.

[6] At the time of the 2013 purchase, the Beetzes were aware of the 1979 easement but not the easement contained in the 1982 Judgment. Over the years, they mowed the grass along the easement, paid property taxes on the easement, and included the easement in their homeowners' insurance. None of the other property owners contributed to the taxes or insurance. The Beetzes use the bridge to access their home on Parcel D.

[7] The current case began after a fire truck struck and damaged the bridge. Disputes arose among the property owners about who had the authority to accept payment from the fire department for damages, hire a contractor, and pay for bridge repairs.

---

[1] The record does not reflect whether Gluff recorded the 1982 Judgment in Parcel A's chain of title.

On January 29, 2016, the Beetzes sued the Bryant Trust, the Bryants, the Legans, and the Zimmermans, seeking declaratory judgment. The defendants filed a motion to dismiss, citing Indiana Trial Rule 12(B)(6). The court granted the motion and dismissed the complaint without prejudice.

Next, the Beetzes filed an amended complaint asking the court to determine: (1) if the easement contained in the 1982 Judgment applies to the Beetzes; (2) whether, if the 1982 Judgment applies to the Beetzes, they have the right and the duty to repair and maintain the easement along with the owners of the other parcels; (3) if the Beetzes have the exclusive right to receive the fire department's payment; and (4) if the defendants' failure to maintain the easement has damaged the Beetzes. The defendants again moved to dismiss under Rule 12(B)(6). The court dismissed the complaint with prejudice and this appeal followed. On appeal the Beetzes pursue the same four claims.

Pursuant to Indiana Trial Rule 12(B)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief may be granted." Our standard of review is:

> A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it. When ruling on a motion to dismiss, the court must view the pleadings in the light most favorable to the nonmoving party, with every reasonable inference construed in the non-movant's favor. We review a trial court's grant or denial of a Trial Rule 12(B)(6) motion de novo. We will not affirm such a dismissal unless it is apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances.

*Thornton v. State*, 43 N.E.3d 585, 587 (Ind. 2015) (citations and quotations omitted).

[11] The Beetzes first argue they are not bound by the 1982 Judgment, and the easement contained therein, because they had no notice of its existence.

[12] In *State v. Anderson*, 241 Ind. 184, 170 N.E.2d 812 (1960), the State sought to condemn a piece of property, claiming it had acquired an easement over most of the land from the landowner's predecessor in interest. The landowner noted the document granting the easement had not been recorded in the county where the property was located and further claimed she had no actual notice of the easement. The State lost in the trial court and appealed.

[13] The Indiana Supreme Court explained, "'The purchaser of a land subject to an easement expressly created by grant or reservation in an unrecorded deed is not affected by it if he had no notice of the servitude.'" 170 N.E.2d at 814 (quoting Thompson on Real Property, Vol. 1, § 384, p. 623). The Court determined the landowner was not bound by the easement because the grant of the easement was not recorded in the property's chain of title. Further, the landowner had no actual notice of the easement because she had asked the seller about easements and was told the State had no interest in the land other than a narrow, openly-marked strip of land along the road. In addition, the landowner had obtained an abstract of title that did not disclose the existence of the easement. The Court concluded, "We therefore hold that appellee did all that the law required

of her to do and that appellee's title cannot be defeated by a prior, unrecorded interest of the state in the land." *Id.* at 815-16.

[14]     Likewise, in *State v. Cinko*, 155 Ind. App. 357, 292 N.E.2d 847 (1973), the State sought to remove an advertising sign from a landowner's property, claiming it encroached upon a right of way it had acquired from the landowner's predecessor in interest. The document granting the right of way was never recorded in the county where the property was located. A panel of this Court, following *Anderson*, concluded the landowner had no notice, either actual (in the form of markers on the property) or constructive (in the form of a recorded easement), and was not bound by the grant of the right of way.

[15]     In the current case, the 1982 Judgment was not recorded in Johnson County in the chain of title for the Beetzes' land. Further, the Beetzes' complaint alleges they had no actual notice of the judgment's existence, asserting they were aware of only the 1979 easement. Per our standard of review, we accept the allegation as true. Following *Anderson*, we conclude the Beetzes have alleged facts pursuant to which they would be entitled to declaratory relief on their claim that they are not bound by the 1982 Judgment and easement.

[16]     The other property owners claim the Beetzes, as successors in interest to the Gluffs, are bound by the 1982 Judgment pursuant to res judicata even if they had no notice. The doctrine of res judicata serves to prevent the litigation of matters that have already been litigated. *TacCo Falcon Point, Inc. v. Atlantic Ltd. Partnership XII*, 937 N.E.2d 1212 (Ind. Ct. App. 2010). They cite *Skelton v.*

*Sharp*, 161 Ind. 383, 67 N.E. 535 (Ind. 1903), in which an owner of land in Pulaski County filed a quiet title action against Moore, who also claimed to own the land. The Pulaski Circuit Court found in favor of the landowner. Moore did not appeal but later deeded the land to a third party, who sold it to Skelton. Skelton was unaware of the prior court judgment, which was not recorded.

[17] The landowner sued Skelton, seeking again to quiet title to the land. The appellees prevailed. On appeal, Skelton claimed the decree did not bind him because he had no notice of it. The Indiana Supreme Court stated, "Our cases have steadily maintained that such a decree is a conclusive adjudication of title, not only as against the grantee, but as against all claiming under him." 67 N.E. at 536. The Court concluded Skelton had no title to the land unless derived through Moore and was bound by the judgment as a successor to Moore.

[18] *Skelton* presents different circumstances than the current case because it did not involve an easement. In any event, we choose to follow the Indiana Supreme Court's holding in *Anderson*, which directly addresses the issue presented here.

[19] The Beetzes' remaining three claims are all contingent to some extent upon resolution of the Beetzes' argument that they are not subject to the 1982 Judgment. That issue, and the three claims, must be addressed on remand.

[20] For the reasons stated above, we reverse the judgment of the trial court and remand for further proceedings.

Reversed and remanded.

Riley, J., and Crone, J., concur.