No. 15,397.

## THE LAKE ERIE AND WESTERN RAILWAY COMPANY v. KENNEDY.

LICENSE.—*Power of Revocation.—Estoppel.*—A mere permission to occupy land is a license, which may be revoked by the licensor or his grantee, unless some act is done which operates by way of estoppel to make the license irrevocable.

From the Howard Circuit Court.

*J. O'Brien* and *W. E. Hackedorn,* for appellant.

ELLIOTT, J.—The parties by agreement made the evidence taken in the case of *Lake Erie, etc., R. W. Co.* v. *Michener,* 117 Ind. 465, part of the evidence in this case, and, as to other matters, dispensed with evidence by an agreement as to the facts. We are unable to perceive any substantial difference between the case we have referred to and the one now before us, and we think the former rules this case. It is contended by counsel that there is an essential difference between the two cases, inasmuch as in the present case the structures placed on the land were standing when Kennedy purchased the land from Macy, through whom both parties claim, while in the other case they were removed before the purchase by Michener. If it were granted that this difference exists between the two cases, the result would not be affected, for the evidence justified the conclusion that the occupancy of the lands was by virtue of a mere permissive license from Macy, and not by virtue of any right or claim of ownership. Macy never intended to grant an interest or estate in the land, so that the appellant did not acquire the rights of an owner. Nor was there an irrevocable license. There was a permission which gave a right of occupancy and nothing more. There is no element of fraud, and no consideration was paid for the right to use the land. A mere permission to occupy land is a license which

may be revoked by the licensor or his grantee unless some act is done which operates by way of estoppel to make the license irrevocable. There is here no element of estoppel that transforms the permission to occupy into an irrevocable license.

Judgment affirmed.

Filed October 5, 1892.