INDIANA STATE EMPLOYEES AP-
PEAL COMMISSION, Indiana State
Personnel Department and Rockville
Training Center, Appellants–Respon-
dents,

v.

Judith BISHOP and Sara Harpold,
Appellees–Petitioners.

No. 49A02–9810–CV–818.

Court of Appeals of Indiana.

Oct. 19, 1999.

Publication Ordered Dec. 17, 1999.

Jeffrey A. Modisett, Attorney General of Indiana, James A. Garrard, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellants.

Barbara J. Baird, Macey, Macey and Swanson, Indianapolis, Indiana, Attorney for Appellees.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Appellants–Respondents the Indiana State Employees' Appeals Commission ("Commission"), State Personnel Department and Rockville Training Center (collectively "State"), appeal the judgment of the trial court awarding Appellees–Petitioners, Judith Bishop ("Bishop") and Sara Harpold ("Harpold") (collectively "Petitioners"), back pay from their respective dates of hire and reversing the findings of the Commission.

We affirm in part, reverse in part, and remand for further proceedings.

### ISSUES

The State raises three issues on appeal which we consolidate and restate as:

1. Whether the trial court erred in finding that Harpold timely filed her employee complaint.

2. Whether the trial court erred in finding that Petitioners were entitled to back pay for a period greater than ten days prior to the date they filed their respective complaints.

### FACTS AND PROCEDURAL HISTORY

Bishop was hired as a Clerk–Typist on June 18, 1990, at the Rockville Training Center. She completed her working test period and obtained regular employee status in the state merit service on December 18, 1990. On January 12, 1992, Bishop filed her complaint pursuant to Ind.Code § 4–15–2–35.

Harpold was hired as a store clerk on January 21, 1992, at the Rockville Training Center. She completed her working test period and obtained regular employee status in the state merit service on July 21, 1992. On March 8, 1993, Harpold filed her complaint pursuant to Ind.Code § 4–15–2–35.

In their complaints, the Petitioners alleged that the State's compensation plan was discriminatory because Petitioners were required to work forty (40) hours per week while similarly situated employees were only required to work thirty-seven an one half (37.5) hours per week for the same weekly salary.

On October 31, 1995, the Commission ruled on Petitioners' complaints. The Commission found the following:

10. That the State of Indiana changed the hours of work of all state employees (except police employees) to 37.5 hours per week on September 12, 1993 . . . .

16. That on September 26, 1991 the Indiana Court of Appeals issued its decision in the *Arden* judicial review. In light of 31 IAC 2–4–2[sic], it disapproved the distinction of hours of work between state offices and state institutions in favor of making hours of work consistent within a classification of employees doing comparable work, regardless of the location at which that work was performed. *Arden, et al. v. SEAC, et al.,* 578 N.E.2d 769 (Ind. [sic] App.1991) *trans. denied* (1992).

. . .

19. That the *Arden* decision distinguished between two types of employees: Group A employees were those who were overtime-eligible according to the provisions of State Personnel Department Rule 11–2, promulgated at 31 IAC 2–11–2[sic]; Group B employees were overtime-

exempt according to the provisions of that rule.

. . .

22. That Petitioners are Group A employees for purposes of the analysis in the *Arden* decision.

. . .

27. That at the time she initiated this complaint, Petitioner Bishop was working 40 hours/week for the same salary that other Clerk–Typist 4s[1] were receiving while working 37.5 hour/week.

. . .

38. That Petitioner Harpold worked 40 hours/week at all times during her employment at Rockville Training Center until September 12, 1993 when the hours of work for all employees (except police employees) were changed to 37.5 hours/week.

(R. 287–290).

The Commission found that Harpold did not timely file her complaint. Because Harpold's complaint was not timely filed, the Commission did not award Harpold any back pay. However, the Commission found that Bishop's complaint was timely filed and awarded Bishop back pay at a rate of .0667 times her weekly salary from January 7, 1992, ten days before she filed her complaint, to September 12, 1993, the date the State abandoned its discriminatory pay practices.

The trial court subsequently ruled that the Commission's findings were arbitrary, capricious, contrary to law and not supported by substantial evidence. The trial court found that Harpold's complaint was timely filed and that the award of back pay to Petitioners should extend to the date of their respective hiring.

1. Bishop's position was identified by the title and rank of "Clerk–Typist (4)."

## DISCUSSION AND DECISION

### Standard of Review

■■■■ When reviewing the decision of an administrative agency, both the trial court and the appellate court are bound by the agency's findings of fact. *Taylor v. Indiana Family and Social Services Admin.*, 699 N.E.2d 1186, 1189 (Ind.Ct.App. 1998). Therefore, we may not retry the facts or substitute our judgment on factual matters for that of the agency. *Id.* This court's review of an agency's decision may go no further than to examine the propriety of the facts as the agency found them and the propriety of the agency's order in light of the facts found. *Id.* Questions of law are questions for the courts, therefore we review them *de novo. Indiana State Employees' Appeals Commission v. Greene,* 716 N.E.2d 54 (Ind.Ct.App.1999).

### Timeliness of Harpold's Complaint

■■■ The State argues that Harpold's complaint, initiating the administrative action, was not timely filed. State Personnel Department Rule 13–1(A) provides:

[T]he complaint procedure shall be initiated as soon as possible after the occurrence of the act or condition complained of and in no event shall be initiated more than ten (10) calendar days after the employee is notified of a change in his status of employment or after an unsatisfactory condition of employment is created. Failure to initiate the complaint procedure within such time period shall render the complaint procedure unavailable to the employee.

Ind. Admin. Code tit. 31 r. 2–13–1(A).[2] The State argues that the condition complained of, the requirement that Harpold work forty hours per week, was the result of a one time event that began with Harpold's employment at the Rockville Training Center. The State contends that because Harpold did not file her complaint

2. Ind. Admin. Code tit. 31 r. 2–13–1(A) was amended July 1, 1995, increasing the limitations period from ten (10) to thirty (30) days.

within ten days of the condition or occurrence, her claim is waived. We disagree.

In *United Air Lines, Inc. v. Evans*, an employee was dismissed pursuant to company policy, when she married. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 555, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). The company policy that resulted in the *Evans* employee's termination was found to be in violation of Title VII, in *Sprogis v. United Air Lines*, 444 F.2d 1194 (7th Cir. 1971). *Id.* The *Evans* employee was not a party to *Sprogis*. *Id.* Further, the *Evans* employee did not initiate a Title VII claim for discriminatory termination within the ninety (90) day limitations period after she was terminated. *Id.* The *Evans* employee was subsequently rehired without seniority and initiated an action alleging that she should be credited for prior employment. *Id.* In determining whether the *Evans* employee had waived her claim, the Court stated that the critical question is whether there was a *present violation* of her Title VII rights. *Id.* at 559, 97 S.Ct. 1885. The Court found that United Air Lines, Inc., was not presently in violation of Title VII after changing its company policy and determined that because there was no present violation, the limitations period was not tolled. *Id.*

In *Bazemore v. Friday*, 478 U.S. 385, 106 S.Ct. 3000, 92 L.Ed.2d 315 (1986), the Court elaborated on its *Evans* ruling, stating that each week's paycheck which discriminates between employees based on color is a separate wrong actionable under Title VII, regardless of the fact that this pattern was begun prior to the effective date of Title VII. *Id.* at 396, 106 S.Ct. 3000. We find that *Evans* is distinguishable from *Bazemore*, because in *Bazemore* there was a continuing violation of Title VII while in *Evans* there was not. The above noted line of cases clarifies that the controlling issue is whether there was, at the time of filing the complaint, a present and continuing violation of law.

State Personnel Department Rule 2–4 provides: "All regulations affecting administration of the pay plan shall be designed ... to guarantee equal opportunity and equal incentives for entrance to the service ..." Ind. Admin. Code tit. 31 r. 2–4–2. At the time the Harpold filed her complaint she was required to work forty (40) hours per week for the same pay as similarly situated State employees who were only required to work thirty-seven and one-half (37.5) hours per week. This practice was in violation of Ind. Admin. Code tit. 31 r. 2–4–2. *Arden*, 578 N.E.2d at 773. The State had not yet abandoned the discriminatory pay practice when Harpold filed her complaint. Therefore, Harpold timely filed her complaint because the State's pay practice was a present and continuing violation of law.

This conclusion parallels *Greene*, decided September 9, 1999. *Greene*, 716 N.E.2d 54. *Greene*, involved a group of employees and the same state institution, the Rockville Training Center. In *Greene*, we held that Ind. Admin. Code tit. 31 r. 2–4–2 required equal pay for comparable work in the several agencies of state services. *Id.* Equal pay for comparable work is required by law, therefore, every paycheck reflecting discriminatory pay practices is a new violation of law. *Id.* A new violation of law creates a new cause of action and with that a new limitations period.

In the present case the State violated Ind. Admin. Code. tit. 31 r. 2–4–2 with each paycheck, and with each violation Harpold had independent grounds upon which to protest. The trial court did not err in finding that Harpold timely filed her complaint.

*Application of the ten day limitations period.*

■ The State argues that any damages awarded to Petitioners should be limited to unpaid wages for a time period beginning ten (10) days prior to the filing of the Petitioners' respective complaints and ending September 26, 1993, the date the State abandoned its discriminatory pay practice. We agree.

The merit employee rules set forth a limitations period for claims arising out of their employment with the State. State Personnel Department Rule 13–1(A) provides, "the complaint procedure shall be initiated as soon as possible after the occurrence of the act or condition complained of and in no event shall be initiated more than ten (10) calendar days after the employee is notified of a change in his status of employment or after an unsatisfactory condition of employment is created." Ind. Admin. Code tit. 31 r. 2–13–1(A). As set forth in *Greene,* the ten day limitations period exists to provide the State with notice and an opportunity to correct unsatisfactory conditions of employment in a timely fashion. *Greene,* 716 N.E.2d 54. The purpose of the limitations period would be undermined if the employee were allowed to recover back pay for a period greater than ten days prior to filing the complaint. *Id.*

In the instant case, the Rockville Training Center maintained unlawful pay practices. The Petitioners filed their complaints after terms of employment greater then ten (10) days. The purpose of the limitations period is to limit the claims of state employees to a time period beginning ten days prior to filing of the complaint and continuing until the resolution of the dispute. In the present case, the limitations period limits the damages recoverable by the employees to the time period beginning ten days prior to the filing of their respective complaints and ending on September 12, 1993, the day the State abandoned its discriminatory pay practices.[3]

## CONCLUSION

We therefore affirm the trial court's finding that Harpold's complaint was timely. We reverse the trial court's award of back pay to the Petitioners and remand with instructions to reduce the Petitioners' award to reflect the time period beginning ten days prior to the date the Petitioners filed their respective complaints and ending September 12, 1993, the date the State abandoned its discriminatory pay practice.

Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

ROBB, J., and FRIEDLANDER, J., concur.

## ORDER

This Court having heretofore handed down its opinion in this appeal marked Memorandum Decision, Not for Publication; and

Come now the Appellants, by counsel, and file herein their Motion to Publish acknowledging that this case closely follows the holding in *Indiana State Employees' Appeals Commission v. Greene,* 716 N.E.2d 54 (Ind.Ct.App.1999), but that this case differs in several important respects and should be published under Appellate Rule 15(A)(1), because many similar cases follow this case in the administrative and judicial pipeline; that publication of this case will assist in the disposition of other, still-pending cases that factually resemble this case more closely than they resemble the case in *Greene;* that this case merits publication under Appellate Rule 15(A)(1)(a) and (c), because it creates new precedent on issues of public importance and pray this Court to grant the Motion to Publish the opinion in this case, which said Motion is more particularly in the following words and figures, to-wit:

(H.I.)

And the Court, having examined said Motion and being duly advised, now finds that the same should be granted and that this Court's opinion in this appeal hereto-

---

**3.** This decision is not controlling in such cases where the unsatisfactory condition of employment arose prior to the employee attaining regular employee status and the employee files a complaint regarding such unsatisfactory condition of employment within ten days of obtaining regular employee status.

fore handed down in this cause marked Memorandum Decision, Not for Publication, should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. The Appellants' Motion to Publish granted;

2. The opinion of this Court in this case heretofore handed down in this cause marked Memorandum Decision, Not for Publication, is now ordered published.