Indiana STATE EMPLOYEES AP-PEAL COMMISSION, Indiana State Personnel Department, et al., Appellants–Respondents,

v.

Judith BISHOP and Sarah Harpold, Appellees–Petitioners,

Indiana State Employees Appeal Commission, Indiana State Personnel Department, et al., Appellants–Respondents,

v.

Patricia Greene, Angela Stowe, and Karen Walters, Appellees–Petitioners.

No. 49S02–0101–CV–71.

Supreme Court of Indiana.

Feb. 2, 2001.

Jeffrey A. Modisett, Attorney General of Indiana, John Laramore, Deputy Attorney General, James A. Garrard, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellants.

Barbara J. Baird, Macey, Macey and Swanson, Indianapolis, Indiana, Attorney for Appellees.

ON PETITION TO TRANSFER

RUCKER, Justice.

Judith Bishop, Sarah Harpold, Patricia Greene, Angela Stowe, and Karen Walters were clerical employees (referred to collectively as "Employees") of the Rockville Training Center. Employees filed grievances with the State Employees' Appeals Commission ("SEAC") complaining of unlawful pay disparity. More specifically, Employees contended they were required to work 40 hours per week for the same biweekly salary received by employees in the same job classification at state offices who were required to work only 37.5 hours per week. The SEAC denied Employees' complaint. Upon judicial review the trial court reversed the decision in part, finding among other things that Employees were entitled to back pay beginning from the date of hire. The SEAC appealed, and the Court of Appeals in separate opinions determined that the employees were entitled to back pay but only for a time period beginning ten days before they filed their respective complaints. *See State Employees Appeal Comm'n v. Bishop*, 721 N.E.2d 881 (Ind.Ct.App.1999); *State Employees' Appeals Comm'n v. Greene*, 716 N.E.2d 54 (Ind.Ct.App.1999).

In seeking transfer[1] Employees argue among other things that the Court of Ap-

---

1. By Order issued contemporaneously with this opinion, we *sua sponte* consolidated the

peals' opinion conflicts with *State v. Martin*, 460 N.E.2d 986 (Ind.Ct.App.1984). The result in that case allowed a group of Indiana State Prison teachers to obtain back pay from the time the pay disparity first affected them. *Id.* at 991. In this case the trial court relied on *Martin* in reversing the decision of the SEAC but the Court of Appeals did not. We hereby grant transfer and summarily affirm the opinion of the Court of Appeals. Ind. Appellate Rule 11(B)(5). The decision in *State v. Martin* is disapproved.

SHEPARD, C.J., and DICKSON and BOEHM, JJ., concur.

SULLIVAN, J., not participating.

two appeals to consider the pending petitions to transfer.