**Stephen M. HAY, Appellant–Plaintiff,**

v.

**Ronald BAUMGARTNER ·and Gloria Baumgartner, Appellees–Defendants.**

**No. 43A04–0612–CV–741.**

Court of Appeals of Indiana.

July 27, 2007.

Brian L. Hoffer, Randy J. Spitaels, Kindig & Sloat, PC, Nappanee, IN, Attorneys for Appellant.

Stephen R. Snyder, Randall L. Morgan, Snyder, Birch & Morgan, LLP, Syracuse, IN, Attorneys for Appellees.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Plaintiff, Stephen M. Hay (Hay), appeals the trial court's Order, concluding that he had a revocable license to use a shared driveway and denying his request for equitable injunctive relief against Appellees–Defendants, Ronald and Gloria Baumgartner (the Baumgartners).

We affirm.

### ISSUE

Hay raises one issue on appeal, which we restate as follows: Whether the trial court erred when it found that a driveway shared between two properties was subject to a revocable license instead of an irrevocable license.

### FACTS AND PROCEDURAL HISTORY

On or about May 31, 2000, Hay became the sole fee simple owner of property located at 7057 East Eli Lilly Road, Syracuse, Indiana (the Hay Property). In December of 2001, the Baumgartners purchased the real estate immediately to the east of the Hay Property at 7073 East Eli Lilly Road (the Baumgartner

Property). Both Properties front Eli Lilly Road and have direct access to it.

The Hay Property was originally purchased by George W. and Ella Hay, Hay's grandparents, and has been in the Hay family continuously since that time. William and Barbara Beemer owned the Baumgartner Property from about May 1961 until 2000. In 2000, they sold the property to Jackie McDonald, who in turn sold the property to the Baumgartners. Historically, a shared driveway existed along the western boundary of the Baumgartner Property and eastern boundary of the Hay Property (the Driveway). This Driveway was used by the owners of both pieces of real estate and their predecessors in interest for purposes of ingress and egress to East Eli Lilly Road. The Driveway, initially a gravel path, was paved with asphalt in 1980. The cost of paving was divided between the owners of both Properties, with Ruby Hay, Hay's mother, contributing towards the labor and material cost. Since being paved, the Driveway has been sealed twice, a cost which was likewise shared by the owners of the Properties.

In the past two years, both Hay and the Baumgartners have built new residences and garages on their properties. The Baumgartners' construction included a new driveway linking their garage to Eli Lilly Road, thereby eliminating the need to use the original Driveway. As such, the Baumgartners removed that portion of the Driveway located on their property.

On June 26, 2006, Hay filed his Complaint for Permanent Injunction, seeking to restrain and enjoin the Baumgartners from interfering with Hay's use and enjoyment of the Driveway. That same day, Hay filed his Motion for Temporary Restraining Order and Preliminary Injunction, which was granted by the trial court. On October 18, 2006, a bench trial was conducted on Hay's Complaint. Thereafter, on November 29, 2006, the trial court issued its Findings of Fact and Conclusions of Law, deciding in pertinent part:

### CONCLUSIONS

[Hay] and his predecessors in title are not easement holders as to the [Driveway]. No instrument of record grants [Hay] any easement across [the Baumgartner Property]. [Hay] and his predecessors in title's use of the [Driveway] was not by adverse use. No evidence at trial was presented as to any adverse use.

[Hay] and his predecessors in title's use of the [Driveway] was by permission of [the Baumgartners] and their predecessors in title. [Hay] had a license to use the [Driveway].

[Hay's] position is that the license to use the [Driveway] became irrevocable by the act of Ruby Hay sharing in the expense of paving the [Driveway] with asphalt and, thereafter, twice sharing in the expense of sealing the [D]riveway. *Nowlin v. Whipple*, 120 Ind. 596 [22 N.E. 669] (1889) sets forth that a revocable license becomes irrevocable upon payment of valuable consideration. No evidence was submitted that any expense for asphalt and sealing were incurred by Ruby Hay on the faith of any license to use the [Driveway] in perpetuity. [William Beemer], who best could provide evidence that he agreed with Ruby Hay to make the license irrevocable in exchange for payment by Ruby Hay of a portion of the expense of paving and sealing the [Driveway], did not do so. [William] Beemer testified that he took it for granted that Ruby Hay could use the [Driveway]. The paving of the [Driveway] did benefit [William] Beemer and Ruby Hay in their joint use of the [Driveway]. A driveway paved

with asphalt rather than limestone, is smoother to drive and walk upon; easier to clear of snow; and easier to mow the grass beside the [D]riveway.

[Hay] further sets forth the position that [the Baumgartners] knew of [Hay's] use of the [Driveway] because his use was open and obvious, similar to *Indianapolis & Traction Co. v. Arlington Telephone Co.* [47 Ind.App. 657], 95 N.E. 280 (Ind.Ct.App.1911). Such use concerns an oral license for telephone poles and lines, a utility, and damages were paid for relocation of the telephone poles and lines.

The matter at hand has more similarities to the case *Closson Lumber Co., Inc. v. Wiseman,* 507 N.E.2d 974 (Ind. 1987), in which the licensee alone paved with asphalt the area of the license, and when the license was revoked, was entitled to restitution of amount spent on the area of the license. No evidence was submitted as to the amount paid by Ruby Hay when the [Driveway] was paved and sealed. [Hay] testified that he had never expended money on the [Driveway].

[Hay] has access to Eli Lilly Road and more than sufficient area for installation of a driveway solely upon his real estate.

In summary, the [c]ourt concludes that [Hay] did have a license to use the [Driveway]; consideration was not paid to make the license irrevocable; the license was revoked and [Hay] is not entitled to damages.

(Appellant's App. pp. 8–9).

Hay now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Hay's sole argument focuses on the trial court's perceived error in characterizing his use of the Driveway as a revocable license. Hay contends that in exchange for Ruby Hay's contributed payment towards the paving and sealing of the Driveway, an irrevocable license was awarded to her and her successors in interest.

### I. Standard of Review

In the instant case, the trial court entered special findings of fact and conclusions thereon pursuant to Ind. Trial Rule 52(A). Therefore, our standard of review is two-tiered: we first determine whether the evidence supports the trial court's findings, and second, we determine whether the findings support the judgment. *Briles v. Wausau Ins. Co.,* 858 N.E.2d 208, 212 (Ind.Ct.App.2006). Findings of fact are clearly erroneous when the record lacks any reasonable inference from the evidence to support them, and the trial court's judgment is clearly erroneous if it is unsupported by the findings and the conclusions which rely upon those findings. *Id.* In establishing whether the findings or the judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences to be drawn therefrom. *Id.*

While conducting our review, we cannot reweigh the evidence or judge the credibility of any witness, and must affirm the trial court's decision if the record contains any supporting evidence or inferences. *Id.* However, while we defer substantially to findings of fact, we do not do so for conclusions of law. *Id.* We evaluate conclusions of law *de novo* and owe no deference to a trial court's determination of such questions. *Id.*

### II. Analysis

■ In the context of real estate, a license [1] "merely confers a personal privi-

---

1. Licenses and easements are often mistaken for one another. We have explained the difference by noting that an easement "is a liberty, privilege, or advantage in land with-

lege to do some act or acts on land without conveying an estate in the land." *One Dupont Centre, LLC v. Dupont Auburn, LLC*, 819 N.E.2d 507, 513–14 (Ind.Ct.App. 2004) (*quoting Contel of Ind., Inc. v. Coulson*, 659 N.E.2d 224, 228 (Ind.Ct.App. 1995), *reh'g denied, trans. denied*). A license is revocable and unassignable. *Id.* An "irrevocable license," which Hay claims exists here, is distinct from a license. This court has explained that "an irrevocable license in legal effect is no different than an easement," and that "in at least two cases our courts have used the terms 'irrevocable license' and 'easement' interchangeably." *Id. (quoting Indus. Disposal Corp. of Am. v. City of E. Chicago*, 407 N.E.2d 1203, 1206 (Ind.Ct.App.1980)); *see also Closson Lumber Co., Inc. v. Wiseman*, 507 N.E.2d 974, 976 (Ind.1987).

With regard to irrevocable licenses, we have previously concluded:

> [W]hen a privilege having the characteristics of a license (or deficient in some manner to qualify as an easement) has been executed by the licensee through the expenditure of money or labor in reliance upon the license being perpetual, or when a license has been given for a valuable consideration paid, it cannot be revoked by the licensor unless he remunerates the licensee or restores him to *status quo*.

*Indus. Disposal Corp. of Am.*, 407 N.E.2d at 1205 (internal citations omitted). Our supreme court has clarified that "[e]vents occurring subsequent to the granting of a license may, in effect, change a license otherwise revocable at law into an easement enforced in equity." *Closson Lumber Co., Inc.*, 507 N.E.2d at 976. Thus, for Hay to prevail on the theory, he is required to establish that he was granted a privilege having the characteristics of a license and either that he, or his predecessors in interest, expended money or labor in reliance upon the license being perpetual or that the license was given for valuable consideration.

■ Here, the record reflects that Hay and his predecessors were granted a privilege to use the Driveway which was mostly platted on the neighboring property. However, no evidence exists establishing that Hay, or his predecessors in interest, gave valuable consideration for the claimed license. Rather, the only evidence presented at trial was William Beemer's testimony that Ruby Hay contributed to the labor and material costs of paving the Driveway and sealing it twice thereafter. Nevertheless, Beemer also testified that the Hay family's use of the Driveway remained merely permissive. Specifically, he stated:

> [BAUMGARTNERS' COUNSEL]: [ ], you always permitted the Hay family to use the portion of the [D]riveway on your property and they permitted you to use the portion on their property, right?
>
> [BEEMER]: I guess you could say that, permitted, but it was just always taken for granted that that's the way it was.

(Transcript pp. 46–47). Thus, even though William Beemer confirmed Hay's contention that Ruby Hay expended money towards the upkeep of the Driveway, his testimony, or any other evidence, fails to establish that she did so in reliance upon the license being perpetual. *See Indus. Disposal Corp. of Am.*, 407 N.E.2d at 1205.

out profit existing distinct from the ownership of the land and generally constitutes an interest in the land itself," whereas a license "merely confers a privilege to do some act or acts on the land without possessing any estate therein . . . [and] may be revoked at will. . . ." *Indus. Disposal Corp. of Am. v. City of E. Chicago*, 407 N.E.2d 1203, 1205 (Ind.Ct.App. 1980).

Accordingly, we agree with the trial court that only a revocable license was created.

■ Having determined Hay's interest in the Driveway to be a revocable license, we turn to the issue of Hay's right to compensation in exchange for the Baumgartners' revocation of the permissive use of the Driveway. *See Closson Lumber Co.*, 507 N.E.2d at 977. These damages are limited solely to the amount of labor and capital expended by the Hay family to improve the Driveway. *See id.* The record is unclear as to the amount Ruby Hay contributed in the paving and sealing of the Driveway. In particular, neither Hay nor William Beemer could remember or had any documentation evidencing the total cost of the improvement, let alone the division of costs between both Properties. As no evidence was presented regarding the amount expended, and none appears to exist, we conclude that Hay cannot recover damages from the Baumgartners.

## CONCLUSION

Based on the foregoing, we conclude that the trial court properly determined that the use of the shared Driveway between both Properties resulted in a revocable license.

Affirmed.

NAJAM, J., and BARNES, J., concur.