RICHMOND STATE HOSPITAL and All Other Similarly Situated State Institutions and Agencies, Appellants–Defendants,

v.

---

Paula BRATTAIN,[1] Francis Ernst, Rebecca Strong, Terry Sutcliffe, Individually, Collectively, and on Behalf of All Others Similarly Situated, Appellees–Plaintiffs.

No. 49A02–0908–CV–718.

Court of Appeals of Indiana.

Dec. 30, 2010.

Gregory F. Zoeller, Attorney General of Indiana, David L. Steiner, Frances Barrow, Donald G. Banta, Patricia Orloff Erdmann, Laura L. Bowker, Deputy Attorneys General, Indianapolis, IN, Attorneys for Appellants.

William A. Hasbrook, John F. Kautzman, Ruckelshaus Kautzman, Blackwell Bemis & Hasbrook, Indianapolis, IN, Stephen D. Susman, Jonathan Bridges, Stephen Shackelford, Jr., Susman Godfrey LLP, Dallas, TX, Attorneys for Appellees.

## OPINION ON REHEARING

CRONE, Judge.

Richmond State Hospital and all other similarly situated State Institutions and Agencies (collectively referred to as "the State") and Jennie Veregge (who replaced Paula Brattain), Francis Ernst, Rebecca Strong, and Terry Sutcliffe (collectively "the Employees") petition for rehearing in *Richmond State Hospital v. Brattain,* 935 N.E.2d 212 (Ind.Ct.App.2010). We deny the State's petition and grant the Employees' petition to clarify our instructions on remand for determining the merit Employees' damages.

In this class action lawsuit, the State appealed the trial court's judgment, which found that the State had a contractual duty to both merit and nonmerit Employees to provide them with equal pay for comparable work, that it had breached that duty by maintaining a "split class" system in which the 40–hour–per–week employees did not receive the same effective hourly wage as that paid to their counterparts who worked only 37.5 hours

---

1. Paula Brattain is now deceased and has been replaced as class representative by Jennie Veregge.

per week, entered judgment in favor of the Employees, and awarded them twenty years of back pay in the amount of $42,422,788. We affirmed the trial court on all but one issue: we reversed the trial court's finding that the *merit* Employees were entitled to receive back pay for a twenty-year period. *Id.* at 238, 242. We concluded that the merit Employees' back pay was limited to the period beginning ten days before the filing of the July 29, 1993, complaint that initiated this lawsuit until the date that the State abolished the split class system. *Id.* We remanded with instructions to recalculate the amount of back pay to which the merit Employees are entitled, to include a determination as to whether the State abolished the split class system on September 12 or September 19, 1993. *Id.*

On rehearing, the Employees contend that if individual employees in the two merit employee subclasses filed administrative grievances, then they should be permitted to present evidence on remand to establish that they filed administrative grievances and when such filings occurred, and that their back pay should be calculated based on a period beginning ten days before the filing date of the individual's administrative grievance until the termination of the split class system.

In our opinion, we concluded that the merit Employees' back pay should be calculated beginning ten days before the filing date of the complaint that initiated this lawsuit. In so concluding, we relied on our supreme court's decision in *State Employees' Appeals Commission v. Bishop*, 741 N.E.2d 1229 (Ind.2001) (*"Bishop II"*), a consolidation of *Indiana State Employees' Appeals Commission v. Greene*, 716 N.E.2d 54, 57–58 (Ind.Ct.App.1999), and

*Indiana State Employees' Appeals Commission v. Bishop*, 721 N.E.2d 881, 884–85 (Ind.Ct.App.1999) (*"Bishop I"*). *See Richmond*, 935 N.E.2d at 236–238. *Greene* and *Bishop I* involved State merit employees who complained of the same pay disparity that the Employees complain of here. In *Greene* and *Bishop I*, the employees pursued their remedies through the administrative process, were denied relief by the State Employees' Appeals Commission, and appealed. We determined that the employees were entitled to relief but rejected the contention that the employees were entitled to back pay from the date of hire. In so doing, we applied former 31 Indiana Administrative Code 2–13–1,[2] which provided,

> [T]he complaint procedure shall be initiated as soon as possible after the occurrence of the act or condition complained of and in no event shall be initiated more than ten (10) calendar days after the employee is notified of a change in his status of employment or after an unsatisfactory condition of employment is created. Failure to initiate the complaint procedure within such time period shall render the complaint procedure unavailable to the employee.

We therefore concluded that the employees were entitled to back pay for a time period beginning ten days before they filed their respective administrative complaints. *See Greene*, 716 N.E.2d at 57–58; *Bishop I*, 721 N.E.2d at 884–85. Our supreme court summarily affirmed the *Greene* and *Bishop I* cases. *Bishop II*, 741 N.E.2d at 1230.

Whereas 31 Indiana Administrative Code 2–13–1 applied to the filing of an administrative complaint and the employ-

---

**2.** Former 31 Indiana Administrative Code 2–13–1 applies to merit employees and not to nonmerit employees.

ees in *Greene* and *Bishop I* had pursued their administrative remedies, we found no sufficiently compelling reason to justify an award of damages to merit Employees greater than that received by the *Greene* and *Bishop I* petitioners. *Richmond,* 935 N.E.2d at 237. Thus, in applying *Greene* and *Bishop I* to this case, we had to take into account that the merit Employees were excused from exhausting their administrative remedies, and therefore we applied former 31 Indiana Administrative Code 2–13–1 to the filing of the complaint in the lawsuit. *Id.* at 237–38.

However, to the extent that individual merit Employees did file an administrative grievance, it would be consistent with *Greene, Bishop I,* and *Bishop II* to permit such Employees to recover back pay for a period beginning ten days before each filed an administrative grievance until the date that the split class system was abolished. As this is a matter of proving damages, the Employees bear the burden of proof. *See Noble Roman's, Inc. v. Ward,* 760 N.E.2d 1132, 1140 (Ind.Ct.App.2002) ("The burden of proof with respect to damages is with the plaintiff.").[3] Further, because we held on appeal that former 31 Administrative Code 2–13–1 applied to merit Employees even where exhaustion of administrative remedies was determined to have been futile, merit Employees should be given an opportunity on remand to prove if and when each filed an administrative grievance. *See Closson Lumber Co. v. Wiseman,* 507 N.E.2d 974, 977 (Ind.1987) (noting that on a prior remand "the measure of compensation presented a new question to be decided, and new evidence was presented on that issue.").

To sum up, the merit Employees are entitled to back pay for the period beginning either ten days before the filing of the July 29, 1993, complaint or ten days before the filing of their individual administrative grievances, whichever comes first, until the date that the State abolished the split class system. The trial court must determine whether the State terminated the split class system on September 12 or September 19, 1993. *See Richmond,* 935 N.E.2d at 238, 242.

In all other respects, we affirm our original opinion.

BAKER, C.J., and BARNES, J., concur.

---

3. The Employees argue that the State had the burden to prove that each individual employee did not file an administrative grievance as part of its statute of limitations defense, which

is an affirmative defense. We disagree. Access to the courts and the amount of back pay to which a successful litigant is entitled are two separate issues.